**EXHIBIT A**

DIVISION OF LICENSING SERVICES
STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
P.O. BOX 22001
ALBANY, NY 12201-2001
TELEPHONE: (518) 474-4429
HTTPS://DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

ROBERT J. RODRIGUEZ
SECRETARY OF STATE

October 24, 2022

Via email only



Re:   Request for Additional Guidance – New York State Senate Bill S.9461 (now L 2022, ch. 358, eff. June 30, 2022)

Dear ████████,

Please accept the following reply on behalf of the New York State Department of State (the "Department") regarding your letter dated October 3, 2022. In your letter, you requested additional guidance from the Department about the changes, recently adopted, to the New York State Arts and Cultural Affairs ("ACA") law relating to ticket resellers, by submitting several questions with potential scenarios.

Ticket resellers, including platforms that facilitate the sale or resale of tickets are regulated by Article 25 of the ACA, which was amended effective June 30, 2022, by L 2022, ch 358 (previously A.10500/S.9461). The amendments to the Article incorporated "recommendations from a…legislative investigation into the state's live event ticket industry due to concerns about potentially unfair, deceptive, and anti-consumer practices occurring in the primary and secondary markets." (S.9461 Sponsor's Memo). Most of the amendments were to take effect on the sixtieth day after becoming law, which has already occurred, and thus "[e]very operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets…" should now be in compliance with the amended law. ACA §§ 25.03, 25.07(4)

Your questions are noted below, as follows:

(1) Does the ticket purchasing process begin once a consumer visits a ticket marketplace and first sees a list of seat prices?
   a. As to be explained below, it is the Department's opinion that this question should be answered in the affirmative.
(2) Can a ticket marketplace display a ticket price that changes from the first time the customer sees the price to when the customer selects the ticket for purchase?
   a. As to be explained below, it is the Department's opinion that this question should be answered in the negative.



    (3) In addition to changing a ticket price during the purchase process, can a ticket marketplace obscure the second showing of a price such that the consumer has to scroll down to see the price?
        a. As to be explained below, it is the Department's opinion that this question should be answered in the negative.
    (4) Can a ticket marketplace assess 'service and delivery fees' after selecting them and entering in payment information?
        a. As to be explained below, it is the Department's opinion that this question should be answered in the negative.

The requirements that must be met in the ticket purchasing process, as described in Article 25 of the ACA, as amended, begin the moment a prospective purchaser visits a ticket seller/reseller or other platform selling or reselling tickets (collectively, "reseller"), and such prospective purchaser first views the listings of the seats/tickets. Under ACA § 25.07(4), as amended, resellers are obligated to "disclose the total cost of the ticket inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose…the portion of the ticket price…that represents a service charge, or any other fee or surcharge…displayed in the ticket listing **_prior to the ticket being selected_** for purchase." (emphasis added). In short, the ticket listing must include the total cost of the ticket, with a breakdown of all service charges, fees and surcharges, that the purchaser must pay just to purchase the ticket, by itself (not including delivery or other optional charges).

In addition, the language in ACA § 25.07(4), as amended, is clear and specific that the price of a ticket "**shall not increase during the purchase process**…". (emphasis added). Expressly excluded however are "reasonable fees for delivery of non-electronic tickets…". Id. From the moment the prospective purchaser accesses the reseller's ticket lists through the final payment, with the exception of delivery fees and service charges for other optional "special services", if any, permitted under ACA § 25.29(1)(a), there should be no price increases to the purchaser for the ticket itself. When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser.

Under ACA § 25.07(4), as amended, _all service charges, fees and surcharges_ to the prospective purchaser must be _disclosed_ in the ticket listing **_prior to the ticket being selected for purchase_**, and the portion of the ticket price that represents a service charge, or any other fee or surcharge, must be disclosed in a clear and conspicuous manner. Disclosure of delivery fees for non-electronic tickets, is set forth in ACA §§ 25.07(4) and 25.29(2), as amended. ACA §§ 25.07(4) and 25.29(2) provide that "a **reasonable and actual cost for delivery"** of non-electronic tickets based on the delivery method selected by the purchaser shall be disclosed "**_prior to accepting payment_…".** (emphasis added). There is no delivery charge allowed for tickets delivered electronically or for tickets that may be printed independently by the purchaser. ACA § 25.29(2).

Notably, ACA §25.29(1)(a) was not amended and allows a reseller to charge reasonable service charges for "special services." Delivery is specifically delineated as a "special service", even though delivery and delivery charges are now addressed more specifically in the law. Most of the described special services appear to be able to be included in the total ticket price at the beginning of the purchase

process, at least in the case of online platforms, as they are not usually optional. However, optional "ticket protection" insurance appears to fall within the category of "special services", even though not specifically referenced. Obviously, such "special service" would not be disclosed as part of the ticket price at the outset since it is an optional special service. This coincides with how service charges, surcharges, fees, and delivery options and charges are handled under the law. The amendments emphasize candid and non-misleading disclosure. Due to this emphasis, including delivery costs delineated as a special service required to be disclosed prior to the acceptance of any payment, it appears that charges for other optional "special services" allowed under ACA §25.29(1)(a), not already included in the ticket price, must also be disclosed prior to accepting payment. If a ticket purchaser opts to purchase insurance, the costs of such special services would have to be disclosed **before** accepting payment and should certainly be disclosed prior to purchaser providing payment information at the end of the transaction.

Where an online purchaser is nearing the end of the purchasing process, after selecting the tickets, the final total price should only include the fully disclosed ticket price (including the disclosed breakdown of service charges, fees and surcharges), the fully disclosed reasonable and actual delivery charges, if any, and the fully disclosed reasonable charges for other optional special services, such as ticket insurance, if any, prior to the purchaser providing any payment information.

I hope this information has been helpful to you. Please feel free to contact the Department with any additional questions or concerns.

Respectfully,

/s/

████████████
Senior Attorney, Division of Licensing Services
New York State Department of State
████████████

cc:

████████████
████████████████████████