

January 15, 2025

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Marc R. Shapiro**

E  mrshapiro@orrick.com
D  +1 212 506 3546
F  +1 212 506 5151

**BY ECF**

Honorable John P. Cronan, United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Fortune v. Vivendi Ticketing US, LLC*, Case No. 1:24-cv-08415-JPC

Dear Judge Cronan:

On behalf of Defendant Vivendi Ticketing US, LLC d/b/a See Tickets USA, LLC, ("See Tickets") I write to advise the Court of See Tickets' intention to move to dismiss Plaintiff's Class Action Complaint on multiple grounds.

In this putative class action, Plaintiff Solomon Fortune, who allegedly purchased event tickets on two separate occasions from SeeTickets.us, brings a cause of action under New York's Arts and Cultural Affairs Law (ACAL) § 25.07(4). Specifically, he alleges that See Tickets failed to "disclose the total cost of the ticket, inclusive of all ancillary fees" prior to purchase, did not make clear whether ancillary fees were "applied on a per-transaction or per-ticket basis," and increased the ticket price during the purchase process. Compl. ¶¶ 37-42. See Tickets will move to dismiss on three independent grounds: lack of standing, failure to state a claim, and because the voluntary payment doctrine bars any relief.

*First*, Plaintiff fails to plead a concrete and particularized injury and thus lacks Article III standing to sue. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) ("No concrete harm, no standing."). Although See Tickets disclosed the cost of each ticket and ancillary fees, Plaintiff alleges that See Tickets did not "disclose the total cost of the ticket, inclusive of ancillary fees" prior to purchase because See Tickets did not add these numbers together for the customer or in the case of multiple tickets, did not divide the total cost by the number of tickets purchased. Compl. ¶¶ 14-15. Setting aside whether the statute requires such calculations (it does not), a "bare procedural violation of a statutory directive, on its own, does not establish an injury in fact." *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 235 F. Supp. 3d 570, 573-74 (S.D.N.Y. 2017)



Honorable John P. Cronan
January 15, 2025
Page 2

(cleaned up, citation omitted). A plaintiff "must show that he has an interest in using the information beyond bringing his lawsuit." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022) (no standing for informational injury where there were no allegations of "downstream consequences from failing to receive the required information") (cleaned up, citation omitted). Plaintiff has made no such showing here—instead this mathematical calculation appears relevant only for bringing his lawsuit because Plaintiff, through his own screenshots, otherwise admits that the ticket price and ancillary fees were in fact disclosed from inception of the purchasing process. *See* Compl. Figs. 2, 4, 5, 9, and 11. As such, throughout the ticketing purchasing process, Plaintiff had all the information he needed to "shop around." Compl. ¶ 42. What Plaintiff thus alleges is an informational or procedural harm—namely, that See Tickets did not "do the math" for customers. Additionally, Plaintiff's request for injunctive relief fails because he sues only based on past harm. Compl. ¶ 7 (describing the two tickets Plaintiff purchased in 2023 and alleging no risk of future harm). "A plaintiff must demonstrate standing for each claim and form of relief sought" and to "satisfy the injury requirement when seeking injunctive relief, a plaintiff cannot rely on a past injury alone." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016).

*Second*, even if Plaintiff had standing to sue (he does not), the Complaint still fails because See Tickets has not violated Section 25.07(4). Section 25.07 is designed to ensure adequate disclosure of ancillary fees in an effort to increase ticket price transparency. New York Bill Jacket, 2018 S.B. 8501, Ch. 110 (JUSTIFICATION); *id.* at SUMMARY OF PROVISIONS. To that end, Section 25.07(4) requires that ticket sales "disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and . . . the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." ACAL § 25.07(4) (McKinney 2002). It also requires the "total cost and fees" be displayed "prior to the ticket being selected for purchase" and that "[t]he price of the ticket shall not increase during the purchase process." *Id.* Although Plaintiff alleges multiple violations of Section 25.07(4), they are self-defeating in that the allegations are contradicted by more specific allegations in the Complaint. In particular, the Complaint affirmatively discloses the total cost of the ticket by identifying the base ticket price and lists in a clear and conspicuous manner any ancillary fees prior to the ticket being selected for purchase. *Compare* Compl. Figs. 2, 4, 5, 9, and 11 (base price listed as well as ancillary fees by type); *with* § 25.07(4) (total cost of ticket, including ancillary fees must be disclosed prior to purchase). And nothing in the statute requires that See Tickets tally or divide these numbers for the purchaser. *See* § 25.07(4). Furthermore, Plaintiff's



Honorable John P. Cronan
January 15, 2025
Page 3

allegation that the ticket price "ballooned" during the purchase process (Compl. ¶ 20), similarly fails if one does the simple math to realize that the SRV and FAC fees in Plaintiff's example tripled because the number of tickets chosen for purchase in that example was three. Compl. ¶ 20 (identifying "3 x R.I.P. Express" for the tickets and showing an SRV fee of $11.67 (3 tickets selected x $3.89) and an FAC fee of $9 (3 tickets selected x $3).)

*Third*, even assuming that Plaintiff had standing to sue (he does not), and that See Tickets violated Section 25.07(4) (it did not), the Complaint independently fails pursuant to the voluntary payment doctrine. The voluntary payment doctrine "bars recovery of payments made with full knowledge of the facts, even if made under a mistake of law" and applies to both statutory and common law claims. *Wurtz v. Rawlings Co., LLC*, No. 12-CV-1182, 2016 WL 7174674, at *5-8 (E.D.N.Y. Nov. 17, 2016). "When a party intends to resort to litigation in order to resist paying an unjust demand, that party should take its position at the time of the demand, and litigate the issue before, rather than after, payment is made." *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396, 398 (2002), *aff'd*, 100 N.Y.2d 525 (2003). Despite what Plaintiff alleges was an insufficient disclosure (*see, e.g.*, Compl. ¶¶ 14, 15, 18), he voluntarily completed a purchase from See Tickets *twice* (*id.* ¶ 7). Accordingly, his claim is independently barred by the voluntary payment doctrine. *Wurtz*, 2016 WL 7174674 at *9.

We have conferred with Plaintiff's counsel on a briefing schedule. The parties propose the motion to dismiss be due on February 28, 2025, the opposition be due on March 31, 2025, and the reply be due on April 21, 2025.

See Tickets thanks the Court for its attention to this matter.

Respectfully submitted,

*/s/ Marc R. Shapiro*

Marc R. Shapiro