UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOLOMON FORTUNE, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

VIVENDI TICKETING US, LLC D/B/A SEE TICKETS USA, LLC,

        Defendant.

Case No. 1:24-cv-08415-JPC

---

**NOTICE OF EXHIBITS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant Vivendi Ticketing US, LLC d/b/a See Tickets USA, LLC's ("See Tickets") respectfully requests that in evaluating its accompanying Motion to Dismiss ("Motion"), the Court consider the three exhibit sets attached to the Veeh Declaration. Where documents have been incorporated by reference into a complaint or refer to matters subject to judicial notice, a court may consider the materials at the pleading stage without converting the motion to dismiss to a motion for summary judgment. *Mira v. Kingston*, 218 F. Supp. 3d 229, 234 (S.D.N.Y. 2016). The exhibits attached to the Veeh Declaration consist of screenshots of the ticketing purchasing processes for the events identified in Plaintiff's Complaint. They have been incorporated by reference and are subject to judicial notice.

***Incorporation By Reference.*** A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co*., 62 F.3d 69, 72 (2d Cir.1995) (per curiam)). "Even where a

document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.* at 153 (citation omitted).

The crux of Plaintiff's claim against See Tickets is that in purchasing tickets through SeeTickets.us for two events he experienced a purchase flow that violated New York Arts & Cultural Affairs Law § 25.07(4). Specifically, he describes two tickets he purchased for events on June 11, 2023 and October 21, 2023. Compl. ¶¶ 7, 41. Plaintiff does not submit screenshots for those events, but rather a ticket flow process for events he alleges were "substantially similar" to the flow he experienced. Compl. ¶ 7. For example, Plaintiff submits a partial purchase flow process for an event at Blood Manor on October 31, 2024. *See* Compl. Fig. 5. Plaintiff's screenshot for the Blood Manor event includes the initial page before tickets are selected. The Complaint does not include any images of what a customer sees after they select the number of tickets to purchase and select "ADD TO CART." *See id.* The Veeh Declaration includes the ticket purchase flow for the two events for which Plaintiff alleges he purchased tickets and screenshots for the complete purchase flow for the Blood Manor event partially depicted in Complaint Figure 5. *See* Veeh Decl. Ex. 1-3.

For accuracy and completeness, the Court should consider Veeh Decl. Exhibits 1-3 in their entirety in evaluating See Tickets' Motion to Dismiss because the screenshots are incorporated by reference in the Complaint. "The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152 (citations omitted). Here, the Complaint expressly incorporates by reference the ticket purchase flow for the events on June 11, 2023, October 21 2023, and October 31, 2024. Compl. ¶ 7, Fig. 5; *Mira*, 218 F. Supp. 3d at 234; *see also Marano v. Metro. Museum of Art*, 472 F. Supp.

3d 76, 80 (S.D.N.Y. 2020), *aff'd*, 844 F. App'x 436 (2d Cir. 2021) ("The Court considers the Met's online exhibition *in toto* because the Complaint references it repeatedly and provides screenshots from it, it is critical to Plaintiff's allegations, and neither party contests the website's accuracy."); *Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (finding screenshots depicting website sign-up page incorporated by reference because the sign-up process formed the basis of plaintiff's claims). But even if the Complaint did not expressly incorporate the ticket purchase flow by reference, incorporation by reference would still be appropriate here because the Complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153 (internal citation omitted). The screenshots attached to the Veeh Declaration at Exhibits 1-3 are "integral" to the Complaint because they form the basis for Plaintiff's allegations that See Tickets violated Section 25.07(4). *See, e.g.*, Compl. ¶¶ 7, 10, 13-25, 34-45, & Fig. 5.

*Judicial Notice.* The Court may also consider Veeh Decl. Exhibits 1-3 because they are subject to judicial notice. Judicial notice is appropriate if a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Here, the accuracy of the screenshots cannot be questioned because, as to Exhibit 3, they are simply a continuation of the screenshots set forth in the Complaint. *See* Compl. Figs. 5, 7-9, 11. And as to Exhibits 1 and 2, Plaintiff cannot question the purchase flow for the very events he contends he attended and supply the basis for his Complaint. *Fernandez v. Zoni Language Ctrs., Inc.*, No. 15-cv-6066, 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016) (citation omitted) (finding the court may "take judicial notice of information contained on websites where 'the authenticity of the site has not been questioned'") (citation omitted); *see also Maree v. Deutsche Lufthansa AG*, No. SACV20885, 2020 WL

6018806, at *3 (C.D. Cal. Oct. 7, 2020) (granting request for judicial notice of screenshot of airline ticket purchasing flow).

\* \* \*

Accordingly, See Tickets respectfully requests that the Court consider Veeh Decl. Exhibits 1-3 in evaluating See Tickets' Motion to Dismiss.

Dated: New York, New York
February 28, 2025

        Respectfully submitted,

        Orrick, Herrington & Sutcliffe LLP

        By: */s/ Marc R. Shapiro*
            Marc R. Shapiro
            (State Bar No. 4403606)
            mrshapiro@orrick.com

        51 West 52nd Street
        New York, NY  10019-6142
        +1 212 506 5000
        +1 212 506 5151

        Attorneys for Defendant
           VIVENDI TICKETING US, LLC D/B/A
           SEE TICKETS USA, LLC,